# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-4902 PA (PJWx) | Date | June 6, 2019 |
|---|---|---|---|
| Title | Apollo Partners LLP v. Y-Risk, LLC, et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Y-Risk, LLC ("Y-Risk") and the Hartford Financial Services Group, Inc. ("Hartford") (collectively "Removing Defendants"). Removing Defendants assert that this Court has jurisdiction over the action brought against them and co-defendant Allstar Financial Group, Inc. ("Allstar") by plaintiff Apollo Partners LLP ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Removing Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity jurisdiction, the citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4902 PA (PJWx) | Date | June 6, 2019 |
|---|---|---|---|
| Title | Apollo Partners LLP v. Y-Risk, LLC, et al. | | |

v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT&T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

The Notice of Removal alleges, "[u]pon information and belief, plaintiff Apollo Partners LLP . . . is a limited liability partnership that is a citizen of the United Kingdom. See Complaint ¶ 1." (Notice of Removal ¶ 5. As the Notice of Removal's citation to the Complaint's first paragraph makes clear, Removing Defendant's allegation concerning Plaintiff's citizenship is based solely on the Complaint. The Complaint alleges: "Plaintiff Apollo Partners LLP is a limited liability partnership with its principal place of business at One Bishopsgate, London, England. It is the parent of Apollo Syndicate Management for Lloyd's Accredited Syndicate (Apollo 1969) and all other affiliated entities." (Compl. ¶ 1.) The Notice of Removal similarly alleges Allstar's citizenship on information and belief. (See Notice of Removal ¶ 8.) "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; see also Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."); Parse v. Those Certain Underwriters At Lloyd's London, No. CV 14-00782 MMM (JEMx), 2014 WL 12561586, at *2 (N.D. Cal. Mar. 4, 2012) ("The notice [of removal] alleges that these are 'entities' organized under the laws of the United Kingdom with their principal place of business in London, England. If the entities are corporations, then the allegations are sufficient to allege that Lloyd is a citizen of England. If, however, the entities are partnerships or another form of unincorporated association, then such allegations are not sufficient to show that there is complete diversity between the parties . . . . Because it is unclear what type of entity the syndicate is, the court cannot determine its citizenship based upon the current pleadings." (footnote omitted)). Because the Complaint only alleges the principal place of business of Plaintiff, and not the citizenship of each of its partners, the Notice of Removal fails to establish Plaintiff's citizenship. The Notice of Removal's allegations concerning the citizenship of Plaintiff and Allstar on information and belief are also inadequate. As a result, Removing Defendants have not adequately alleged the citizenship of the parties and their Notice of Removal is insufficient to invoke this Court's diversity jurisdiction.

For the foregoing reasons, Removing Defendants have failed to satisfy their burden to show that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. 19STCV15391, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.